**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TIMOTHY G. GRIFFIN,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR MARCH, SR., et al.,<br><br>Defendants. | ) | Civil Action No. 1:26-cv-01670 (UNA) |

# MEMORANDUM OPINION

This matter is before the court on Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and his Application for Leave to Proceed in *forma pauperis* ("IFP"), ECF No. 2. Upon review, Plaintiff's IFP Application is granted, and for the reasons explained below, this matter is dismissed.

Plaintiff, a resident of Maryland, sues three officials and an attorney associated with Marshall-March Funeral Home, LLC, for damages. *See* Compl. at 1–2, 11–12. He alleges that the Defendant officials committed myriad wrongs in caring for his deceased mother and administering funeral arrangements, *see id*. at 4, 6, 8–10, that the Defendant attorney pursued frivolous counterclaims against him in previous litigation, mishandled evidence in those proceedings, and engaged in *ex parte* communications, *see id.* at 7, 9–10; Compl. Exhibits, ECF No. 1-1; *see also Griffin, Timothy G. v. Mar Corp Ltd., et al.*, No. 2021-CA-003993-B (D.C. Super. Ct. filed Nov. 2, 2021) ("*Griffin I*"). Plaintiff has also filed a Motion for Relief from Judgment, ECF No. 3, ostensibly related to those proceedings.

Plaintiff's claims are barred by *res judicata*. "The doctrine of *res judicata* prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983). And a court may dismiss a

claim or issue *sua sponte* when it is on notice that that the claim or issue has been previously decided, in an effort to prevent "unnecessary judicial waste." *Walker v. Seldman*, 471 F. Supp. 2d 106, 114 n.12 (D.D.C. 2007) (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000) (internal quotation marks omitted)); *see accord Rosendahl v. Nixon*, 360 Fed. Appx. 167, 168 (D.C. Cir. 2010) (courts "may raise the *res judicata* preclusion defense *sua sponte*") (citing *Brown v. Dist. of Columbia*, 514 F.3d 1279, 1285–86 (D.C. Cir. 2008)) (other citation omitted). More specifically, *res judicata* and *collateral estoppel* "are so integral to the administration of the courts that a court may invoke [them] *sua sponte*[,]" *Fenwick v. United States*, 691 F. Supp. 2d 108, 116 (D.D.C. 2010) (alterations in original) (quoting *McGee v. District of Columbia*, 646 F. Supp. 2d 115, 123 (D.D.C. 2009); citing *Stanton v. District of Columbia Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997)), because the Court bears a responsibility to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation[,]" *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

As discussed above, Plaintiff already filed a substantially similar lawsuit against March Funeral Homes, LLC and Mar Corp, Limited in the Superior Court for the District of Columbia. *See generally Griffin I*. *Griffin I* ultimately resulted in a settlement, in which Plaintiff agreed to dismiss that matter, and two other substantially similar matters filed in D.C. Superior Court, all with prejudice. *See id.* at Settlement Agreement Filed (Jan. 22, 2025).[1] Plaintiff also irrevocably agreed "not to file any other litigation, appeal, petition, complaint or claim for damages against Mar Corp, Limited, Marshall March Funeral Home LLC, Marshall-March Funeral Home of

---

[1] A court may take judicial notice of the docket and facts on the public record in other court proceedings. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

Maryland, Inc., or any other March corporate entities or officers of those corporate March entities in the District of Columbia, any state, or any federal jurisdiction." *See id.* at 1. In exchange, the Defendants dismissed their counterclaims against the Plaintiff. *See id*. at 2.

Whether a case is duplicative turns on whether the two cases at issue share the same "nucleus of facts." *Drake v. Fed. Aviation Admin*., 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Page v. United States*, 729 F. 2d 818, 820 (D.C. Cir. 1984)). And a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that "were or *could have been* raised in that action." *Drake*, 291 F.3d at 66 (emphasis in original) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see also Apotex, Inc. v. Food & Drug Admin.,* 393 F.3d 210, 218 (D.C. Cir. 2004). Upon review, *Griffin I* unquestionably arises from the very same facts raised in the Complaint filed in this matter, and the final adjudication of that matter thus bears preclusive effect on this matter. *See Franklin-Mason v. Mabus*, 742 F.3d 1051, 1054 (D.C. Cir. 2014) ("We summarily affirm the district court's dismissal of the employment discrimination claims. [A] suit that has been dismissed with prejudice cannot be refiled; the refiling is blocked by the doctrine of res judicata . . . Here, "[e]xecution of th[e] [Settlement Agreement] ... constitute[d] a dismissal with prejudice.") (citations and internal quotation marks omitted), *aff'd*, 692 Fed. Appx. 633 (Fed. Cir. 2017), *cert. denied*, 584 U.S. 963 (2018).

Insofar as Plaintiff questions the actions of the attorney who represented the Defendant in *Murphy I*, and seeks relief from the judgment entered in that matter, he must file for relief in that case. Federal district courts generally lack jurisdiction to review or interfere with judicial decisions made by state and local courts, *see Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), (relying on *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)), and under the *Rooker-Feldman* doctrine, federal district courts may not hear "cases

that amount to the functional equivalent of an appeal from a state court." *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002). This prevents federal courts from considering issues, as here, that are "so inextricably intertwined with a state court decision that the district court is in essence being called upon to review the state-court decision." *Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 75 (D.C. Cir. 1997) (quotation marks and citation omitted). Federal jurisdiction is barred even when the plaintiff claims "that the state judgment itself violates the [plaintiff's] federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–1006 (1994). Additionally, allegations of opposing counsel's ethical misconduct do not generally confer a private right of action. *See Wagshal v. Rigler*, 947 F. Supp. 10, 14 (D.D.C. 1996); *In re Kinard*, No. 17-1548, 2017 WL 11606023, at *1 (D.D.C. Aug. 18, 2017), *appeal dismissed*, No. 18-5039, 2018 WL 11301538 (D.C. Cir. Dec. 13, 2018), *cert. denied*, 589 U.S. 963 (2019); *Matthews v. Pauze*, No. 14–248, 2014 WL 667359, at *1 (D.D.C. Feb. 18, 2014).

For all of these reasons, the Complaint, ECF No. 1, and this case, are dismissed,[2] and Plaintiff's Motion for Relief from Judgment, ECF No. 3, is denied. Plaintiff's Request for Subpoenas to Issue, ECF No. 5, is denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: August 25, 2026

__________/s/__________
AMIT P. MEHTA
United States District Judge

---

[2] Plaintiff is forewarned that duplicative lawsuits filed by a plaintiff proceeding IFP are also subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See Sturdza v. United Arab Emirates*, No. 09-0699, 2009 WL 1033269, at *1 n.2 (D.D.C. April 16, 2009), *aff'd*, 108 F.3d 1396 (D.C. Cir. Mar. 05, 1997); *McWilliams v. State of Colo*., 121 F.3d 573, 574 (10th Cir. 1997); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir.1995); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir.1993)).